PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARVELL L. BILLUPS, | ) | |
| | ) | CASE NO. 4:26-cv-442 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| NORTH EAST OHIO CORRECTIONAL, (CCA), *et al.*, | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 11] |
| | ) | |

Pending before the Court is Defendant North East Ohio Correctional's ("NEOCC") motion to dismiss (ECF No. 11). *Pro se* Plaintiff Marvell L. Billups did not respond to Defendant NEOCC's motion. The Court has been duly advised, having reviewed Defendant NEOCC's brief and applicable law. For the reasons explained herein, Defendant NEOCC's motion to dismiss (ECF No. 11) is granted.

## I. Factual Allegations

Plaintiff filed this matter while incarcerated in the Ohio Department of Rehabilitation and Correction ("ODRC"), where he was housed at NEOCC. ECF No. 1 at PageID #: 2. Plaintiff brings claims against Defendants NEOCC and Peterman, a case manager at NEOCC. ECF No. 1 at PageID #: 1.

Plaintiff filed this action under 42 U.S.C. § 1983 alleging that Defendants NEOCC and Peterman violated his Eighth Amendment rights to be free of cruel and unusual punishment when Defendant Peterman head butted and spit on Plaintiff. ECF No 1 at PageID ##: 3–5. As a

result, Plaintiff alleges that his head developed a "speed knot" and he had constant headaches. ECF No. 1 at PageID #: 5. Plaintiff wants Defendant Peterman to be fired permanently and seeks $250,000 for personal injury, mental, and punitive damages. ECF No. 1 at PageID #: 5.

## II. Standard of Review

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiff need not include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citations omitted).

A pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it suggests more than a sheer possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556. When a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between

possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (brackets omitted). "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. R. 8(a)(2)). The Court "need not accept as true a legal conclusion couched as a factual allegation or an unwarranted factual inference." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations and internal quotation marks omitted).

When an adverse party fails to respond to a motion to dismiss, "the district court must consider the evidence presented and make a determination accordingly." *Green v. City of Southfield, Michigan*, 759 Fed.Appx. 410, 417 (6th Cir. 2018) (citing *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991)).

## III. Discussion

Defendant NEOCC argues that it is "a non-jural entity that is incapable of being sued." ECF No. 11 at PageID #: 80. Plaintiff did not respond to the motion. For the reasons below, Defendant NEOCC's argument is well-taken.

CoreCivic is known to own and privately operate NEOCC and to house ODRC inmates. *See* *Carey v. CoreCivic*, No. 4:23-cv-1386, 2024 WL 2115077, at *2 (N.D. Ohio May 10, 2024) ("NEOCC is a private prison owned and operated by CoreCivic."). The Court has previously held that NEOCC cannot be sued because it is a non-jural entity. *See* *Graham v. Northeast Ohio Correctional Center*, No. 4:24-cv-1468, 2026 WL 972713, at *2 (N.D. Ohio Apr. 10, 2026) ("NEOCC—a private prison facility owned and operated by CoreCivic—is not *sui juris* under Ohio law and, therefore, cannot be sued.") (citing *Foster v. Ne. Ohio Corr. Ctr.*, No. 4:25-cv-295, 2025 WL 2299331, at *3 (N.D. Ohio Aug. 8, 2025)) (collecting cases); *Picone v. United*

*States Marshal Serv.*, No. 4:15-cv-2033, 2016 WL 5118303, at *3 (N.D. Ohio Sept. 21, 2016) ("There is nothing in the record to suggest that NEOCC has a separate legal existence that can either sue or be sued."); *Dimora v. Ne. Ohio Corr. Ctr.*, No. 4:14-cv-1221, 2015 WL 1119768, at *3 (N.D. Ohio Mar. 11, 2015) (dismissing NEOCC as a non-jural entity). Because NEOCC is not *sui juris*, Plaintiff's claims are dismissed against Defendant NEOCC for failure to state a claim upon which relief may be granted.

## IV. Conclusion

For these reasons, Defendant NEOCC's motion to dismiss Plaintiff's claims against it (ECF No. 11) is granted. Accordingly, all claims against Defendant NEOCC are dismissed with prejudice. The case will proceed against Defendant Peterman. A separate Case Management Scheduling Order shall issue.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

November 18, 2026
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge